# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ISA S. DOUGAN, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-01115 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFAULT JUDGMENT<br><br>(Docs. 14, 19, 22) |

      BASF Corporation brings claims for breach of contract, unjust enrichment, and declaratory relief arising out of a written contractual agreement between Plaintiff and Defendants Isa S. Dougan, individually, and doing business as United Collision. (Doc. 1.) Defendants have not entered an appearance in this action and default was entered against them on November 13, 2024. (Doc. 8.) Plaintiff moved for default judgment on January 3, 2025. (Doc. 14.) Despite being served with the motion (Doc. 20), Defendants did not oppose it.

      On March 24, 2025, following a hearing on the default judgment motion at which Defendants failed to appear, the assigned magistrate judge issued findings and recommendations to grant default judgment on Plaintiff's breach of contract claims, deny default judgment on Plaintiff's unjust enrichment and declaratory relief claims, and award Plaintiff $179,895.62 in liquidated damages. (*See* Doc. 22.)

      The magistrate judge found that the Court had jurisdiction over the action (*id.* at 5) and

service of process was adequate (*id.* at 5-7). Applying the *Eitel* factors, the magistrate judge found that possibility of prejudice to the Plaintiff weighed in favor of granting default judgment. (*Id.* at 7-8.) Evaluating the sufficiency of the complaint and the likelihood of success on the merits, the magistrate judge concluded no reasonable basis existed to apply Michigan law pursuant to the contract's choice-of-law provision, and instead applied California law to the dispute. (*Id.* at 8-9.) The magistrate judge further found that Plaintiff sufficiently alleged both Defendants breached the contract, that Plaintiff cannot prevail on its unjust enrichment claims as California law does not permit a standalone unjust enrichment cause of action where an enforceable written contract governs the same subject matter, and that declaratory relief is not warranted because Plaintiff failed to demonstrate that declaratory relief will serve any useful purpose or settle any unresolved legal issues. (*Id.* at 9-11.)

The magistrate judge also concluded that Plaintiff sought money damages proportionate to the harm caused by Defendants and no factual dispute precluded the entry of default judgment, as the factual allegations are presumed true in this context and Defendant failed to move to set aside the default. (*Id.* at 11-12.) Finally, the magistrate judge found that the default was not the result of excusable neglect and that the policy of deciding cases on the merits did not weigh against default judgment due to Defendant's refusal to participate in this action. (*Id.* at 12-13.) After examining the relevant law and contract provisions, the magistrate judge recommended awarding $179,895.62 in liquidated damages. (*Id.* at 13-14.)

In response to a Court order, Plaintiff served a copy of the findings and recommendations on Defendants' last known address. (Docs. 23, 24.) The Court gave the parties 14 days to file any objections and advised them that "failure to file objections within the specified time may result in the waiver of rights on appeal." (Doc. 22 at 15 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) No objections were filed and the time to do so has passed. Furthermore, Defendants made no appearance of any kind in this action.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on March 24, 2025 (Doc. 22), are **ADOPTED IN FULL**.
2. Plaintiff's motion for default judgment (Docs. 14, 19) is **GRANTED** as to the breach of contract claims.
3. Plaintiff's motion for default judgment (*id.*) is **DENIED** as to the unjust enrichment and declaratory relief claims.
4. Plaintiff is **AWARDED** $179,895.62 in liquidated damages against Defendants.
5. The Clerk of the Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:  **May 7, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE